UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

CARMENZA VASQUEZ,

                      Plaintiff,

    -against-

JO ANNE B. BARNHART, Commissioner of Social
Security,

                      Defendant.
---------------------------------------------------------------- X

02-CV-6751 (ARR)(RLM)

NOT FOR
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

By motion dated June 15, 2004, plaintiff Carmena Vasquez seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $10,260.30, for 68.8 hours of work performed by her attorney. In a supplemental submission, Ms. Vasquez increased her requested allowance by an additional 4.8 hours, reflecting the time spent by counsel on plaintiff's reply papers. She now seeks a total of $10,994.70, reflecting a total of 73.6 hours. The Commissioner does not challenge counsel's right to collect attorney's fees, but objects to the amount sought as excessive. For the reasons given below, the court awards fees under EAJA in the amount of $8,752.29.

## BACKGROUND

Plaintiff Carmenza Vasquez applied for Social Security Disability benefits because of lupus on May 7, 1999, with a claimed onset date of February 22, 1999. After the Commissioner denied an award of benefits initially and upon reconsideration, an ALJ found that plaintiff was not disabled and was able to perform her past relevant work. On April 12, 2001, the Appeals

1

Council denied plaintiff's request to review the ALJ's decision. Plaintiff sought review by this court, and, by order dated March 2, 2004, I remanded the case to the Commissioner for further administrative proceedings. Judgement was entered on March 16, 2004.

## DISCUSSION

The Equal Access to Justice Act (EAJA) provides, in pertinent part, that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include "reasonable attorney's fees." Id. § 2412(d)(2)(A). The commissioner has conceded that plaintiff is the prevailing party by virtue of obtaining a remand to the Social Security Administration. The Commissioner's sole contention is that the amount of attorney's fees sought by plaintiff is unreasonable.

In awarding "reasonable attorney's fees," a district court has broad discretion to determine the appropriate number of attorney hours reasonably expended in pursuing a claim. Irvine v. Sullivan, No. 91 Civ. 500, 1993 U.S. Dist. LEXIS 7223, at *5 (E.D.N.Y. Apr. 17, 1993) (citing Aston v. Secretary of Health and Human Services, 808 F.2d 9, 11 (2d Cir. 1986)). "The specific facts of each case determine what fee is appropriate." Ferguson v. Apfel, No. 98 Civ. 3728, 2000 U.S. Dist. LEXIS 7223, at *5 (E.D.N.Y. Apr. 17, 2000). One important factor is "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Close scrutiny of an itemized bill proffered by the attorney seeking

fees is warranted, for "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Id. at 434.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. As respondent argues, "[d]istrict courts in the Second Circuit have held that routine social security benefits cases generally require from twenty to forty hours of attorney time." Hiciano v. Apfel, No. 97 Civ. 4037, 2002 U.S. Dist. LEXIS 9349, at *4 (S.D.N.Y. May 29, 2002); see also Pazo v. Apfel, No. 98 Civ. 5535, 2001 U.S. Dist. LEXIS 24494, at *11 (E.D.N.Y. Mar. 7, 2001) (stating that twenty to forty billable hours generally found to be reasonable); Ferguson v. Apfel, No. 98 Civ. 3728, 2000 U.S. Dist. LEXIS 7223, at *6 (E.D.N.Y. Apr. 17, 2000) (same); Grey v. Chater, 1997 U.S. Dist. LEXIS 208, at *1 (S.D.N.Y. Jan. 14, 1997) (referring to a "twenty to forty hour benchmark").

Plaintiff argues that "the Commissioner has failed to make a convincing showing that there is a 20-40 hour 'norm.'" Pl. Reply Mem. at 2. Such an argument, however, is belied by the statements of other district courts in this Circuit, discussed above. Although plaintiff correctly points out that courts have, in some cases, awarded attorney's fees for many more than forty hours, plaintiff's contention that the "cases no more prove that the average Social Security case takes 20 to 40 hours to litigate than a different collection of cases would prove that the average is 100-200 hours," is without support. In fact, the court in Corujo v. Apfel, one of the cases upon which plaintiff relies, plainly states that plaintiff's counsel in that case spent an "unusually large amount of time on the case in comparison to a typical Social Security appeal." 98 Civ. 0429, 2000 U.S. Dist. LEXIS 5552, *1 (E.D.N.Y. March 9, 2000). When a case does

3

not "rais[e] any extraordinarily difficult or complex legal or factual issues," courts have determined that the hours spent litigating it should not exceed the guideline range of twenty to forty hours. Pazo, 2001 U.S. Dist. LEXIS 24494, at *21. Courts "have not hesitated," however, "to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrants such an award." Hinton v. Sullivan, No. 84 Civ. 9276, 1991 U.S. Dist. LEXIS 8915, at *16 (S.D.N.Y. July 2, 1991).

Here, plaintiff seeks reimbursement for 73.6 hours expended by counsel. This includes 49.9 hours by attorney Michael McCarthy, for work reviewing plaintiff's file, background research, and the submission of plaintiff's cross-motion for judgment on the pleadings; 18.9 hours by attorney Christopher Bowes, for an initial interview with client, file review, plaintiff's reply brief, and the drafting of plaintiff's EAJA motion; and 4.8 hours by attorney James Baker, for work related to plaintiff's reply to defendant's partial opposition to her EAJA motion. Plaintiff's request exceeds the standard range by 33.6 hours. The court finds some, but not all, of these excess hours to be warranted.

Plaintiff's motion involved preparation and submission of a 22-page brief, in which plaintiff ably argued four distinct points, namely: (1) the ALJ failed to address substantial medical evidence that plaintiff met the listing for systemic lupus; (2) the ALJ did not address the plaintiff's nonexertional limitations in making his assessment that she could perform a full range of light work; (3) the ALJ erroneously discounted plaintiff's subjective complaints as not credible; and (4) the ALJ failed to develop the record, improperly discounting the opinion of plaintiff's treating physician. For each of these sections, Mr. McCarthy developed cogent and effective arguments, based upon analysis of a complex medical record. The court was greatly

4

aided by Mr. McCarthy's analysis and agreed with many of his arguments.

Despite Mr. McCarthy's effective analysis, however, plaintiff's current attorney admits that Mr. McCarthy, a relative novice at litigating Social Security disability claims, "might have spent somewhat more time on plaintiff's case than an attorney with more experience." Pl. Reply Mem. at 6. Plaintiff argues that this inexperience is not cause for compensating Mr. McCarthy's work at a lower rate since EAJA caps attorney's fees for all lawyers, novice and expert alike, at a below-market rate of about $150 per hour. The court agrees. Nevertheless, where a more experienced attorney could have completed the work in less time, as plaintiff admits here, the government should not bear the cost of counsel's inexperience. Reduction of the compensable hours is therefore appropriate. See Dannenberg v. Secretary, 83 Civ. 4046, 1988 WL 5411, *1 (S.D.N.Y. Jan. 15, 1988) (counsel's acknowledgment that excessive time expended resulted from inexperience in the field mitigated against full allowance of the time claimed).

"If a court decides that awarding the full amount requested would be excessive, the district court may either identify specific hours that should be eliminated or simply use its discretion to reduce the award . . . ." McLaurin v. Apfel, 95 F.Supp.2d 111, 114 (E.D.N.Y. 2000). The court adopts the former approach in this case. The court finds the 49.9 hours expended by Mr. McCarthy preparing plaintiff's cross-motion for judgment on the pleadings to be excessive, since, as plaintiff admits, it resulted, in part, from Mr. McCarthy's inexperience. Accordingly, plaintiff shall be compensated for only 35 hours expended by Mr. McCarthy. Plaintiff shall be compensated for all hours expended by Mr. Bowes and Mr. Baker.

Attorney time under EAJA is compensable at the rate of $125.00 per hour, but may be adjusted for the increase in the cost of living since 1996 reflected in the average Consumer Price

5

Index (CPI) for the year in which the work was performed. 5 U.S.C. § 504; 28 U.S.C. § 2412(d)(2)(a); Kerin v. United States Postal Serv., 218 F.3d 185, 194 (2d Cir. 2000). Defendant represents that the applicable regional CPI yields adjusted hourly rates of $148.50 for 2003 and $153.15 for 2004.[1]

The court grants compensation for 51.1 expended hours in 2003, and 7.6 hours expended in 2004, for a total of 58.7 attorney hours. The total compensation awarded is thus $7,588.35 for 2003 and $1,163.94 for 2004, or $8,752.29 total.

## CONCLUSION

For the reasons given above, the court awards to plaintiff fees under EAJA in the amount of $8,752.29. The EAJA fees and costs are ordered to be remitted to plaintiff forthwith.

SO ORDERED.

Signed /

Allyne R. Ross
United States District Judge

Dated: May 25, 2005
      Brooklyn, New York

---

[1]The March 1996 CPI was 166.5. The average CPI for 2003 was 197.8, and the CPI for April 2004 was 204. Although plaintiff's attorney performed 4.8 hours of work in August and September 2004, based on his calculations, it is clear that he used a 2004 CPI of 204. The court will do the same.

SERVICE LIST:

*Counsel for plaintiff*

Christopher James Bowes
Center for Disability Advocacy Rights
841 Broadway
Suite 605
New York, NY 10003


*Counsel for defendant*

Kathleen A. Mahoney
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza, 14th floor
Brooklyn, NY 10025


cc: Magistrate Judge Mann